UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
MICHAEL TABMAN,                     )
                                    )
           Plaintiff,               )
                                    )
    v.                              )    Civil Action No. 09-0880 (PLF)
                                    )
UNITED STATES                       )
 DEPARTMENT OF JUSTICE,             )
                                    )
           Defendant.               )
_____ )

MEMORANDUM OPINION

This lawsuit is related to another lawsuit brought by plaintiff, in which this Court granted defendants' motion to dismiss, dismissing two of plaintiff's claims in that case and granting summary judgment for defendants on plaintiff's third claim. See Tabman v. FBI, Civil Action No. 08-2203, 2010 LEXIS 61528 (D.D.C. June 22, 2010). This matter is before the Court on defendant's motion to dismiss and on plaintiff's motion to amend his complaint. Plaintiff raises virtually the same claims in this matter as he did in Tabman v. FBI; the only difference is that he has named a different defendant — the United States Department of Justice — than he did in the earlier filed matter. After careful consideration of the parties' papers, the relevant statutes and case law, and its decision in the earlier filed lawsuit, the Court will grant defendant's motion and will deny plaintiff's motion as futile.

I. BACKGROUND

The relevant facts, which are virtually identical to those in Tabman v. FBI, are as follows: Plaintiff, Michael Tabman, is a former Special Agent In Charge of the Minneapolis

Field Office of the Federal Bureau of Investigation. See Complaint ("Compl.") ¶ 2. In 2006, Special Agent Harry Samit, whose work plaintiff oversaw, complained that plaintiff had retaliated against Mr. Samit in response to certain protected disclosures that Mr. Samit made. See Compl. ¶¶ 12-13. In September 2006, based on this allegation, the United States Department of Justice's Office of the Inspector General opened an investigation. See Compl. ¶ 12. On January 2, 2007, the investigation concluded with a recommendation that plaintiff be dismissed from FBI service. See Compl. ¶ 23. Plaintiff retired from the FBI in March 2007. See Compl. ¶ 24.

Plaintiff filed this suit on May 12, 2009, naming the Department of Justice as the defendant.[1] In this lawsuit he asserts two causes of action. The first is for intentional infliction of emotional distress, which plaintiff asserts under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. The second cause of action asserts that the defendant deprived plaintiff of procedural due process in violation of the Fifth Amendment of the United States Constitution. The government has moved to dismiss both claims for lack of subject matter jurisdiction — for the plaintiff's first claim, it argues that it falls within the discretionary function exception to the FTCA; and for plaintiff's second claim, the government argues that plaintiff has not exhausted his administrative remedies. The Court concludes that plaintiff's claims are barred by its decision in Tabman v. FBI.

---

[1] The defendants in Tabman v. FBI were the FBI and FBI Deputy Director John Pistole. See Tabman v. FBI, 2010 U.S. Dist. LEXIS 61528 at *2. In that earlier filed case, plaintiff also asserted a Bivens claim against Mr. Pistole in his individual capacity.

2

## II. DISCUSSION

### A. *Claim Preclusion*

"The doctrine of res judicata usually is parsed into claim preclusion and issue preclusion." NextWave Personal Comm's Inc. v. FCC, 254 F.3d 130, 143 (D.C. Cir. 2001) (internal citations omitted). As the United States Court of Appeals for the District of Columbia Circuit has explained:

> Under the claim preclusion aspect of res judicata, a final judgment on the merits in a prior suit involving the same parties or their privies bars subsequent suits based on the same cause of action. . . . Claim preclusion prevents parties from relitigating issues they raised or could have raised in a prior action on the same claim.

Id. at 143 (citation and internal quotation marks omitted). The doctrine only applies when: (1) there was a final judgment on the merits in the first action; (2) the present claim is the same as the claim that was raised or that might have been raised in the first proceeding; and (3) the party against whom claim preclusion is asserted was a party or was in privity with a party in the previous case. See Jacobsen v. Oliver, 555 F. Supp. 2d 72, 78 (D.D.C. 2008); Koch v. Shapiro, Civil Action No. 08-1521, 2010 LEXIS 29833 at *7-8 (D.D.C. Mar. 29, 2010).

The second count of plaintiff's complaint — his claim that his procedural due process rights were violated by defendant — meets the criteria for being barred by the doctrine of claim preclusion. Finding that plaintiff had received all of the process to which he was entitled, the Court granted summary judgment on this issue in favor of the defendants in Tabman v. FBI. See Tabman v. FBI, 2010 U.S. Dist. LEXIS 61528 at *7-12. Therefore the first element of claim preclusion applies — there was a final judgment on the merits. With regard to the second element, similarity of claims, plaintiff's claim in this case — that he was deprived of a liberty

3

interest against being "stigmatized" through the loss of government employment without adequate process — is identical to count three of plaintiff's complaint in Tabman v. FBI. Compare Compl. ¶¶ 39 - 44 with Tabman v. FBI, 2010 U.S. Dist. LEXIS 61528 at *7-9. Finally, with regard to the third element — that the party against whom claim preclusion is asserted was a party or was in privity with a party in the previous case — plaintiff named the FBI as the defendant in the earlier case and the Department of Justice as the defendant in this case. Because both defendants are agencies of the United States government and the FBI is in fact a component of the Department of Justice. The Court concludes that the defendants in both cases are the same or in privity for the purpose of claim preclusion.[2] Plaintiff's procedural due process claim therefore is barred by the doctrine of claim preclusion based on the Court's decision in Tabman v. FBI.[3]

---

[2] Plaintiff has filed motions to amend the complaint in both cases to add the United States as the defendant. See Motion to Amend the Complaint, Dkt. No. 12 (Jan. 11, 2010); Tabman v. FBI, 2010 U.S. Dist. LEXIS 61528 at *22-23. Because it finds that plaintiff's claim is barred regardless of whether the named defendant is the Department of Justice or the United States, the Court will deny plaintiff's motion to amend the complaint as futile. See FED. R. CIV. P. 15(a).

[3] Claim preclusion does not bar plaintiff's claim under the FTCA in this case because the Court previously dismissed that claim in Tabman v. FBI for lack of subject matter jurisdiction. See Tabman v. FBI, 2010 U.S. Dist. LEXIS 61528 at *12-20. "Dismissals for lack of jurisdiction . . . are not decisions on the merits and therefore have no claim preclusive effect on subsequent attempts to bring suit." NextWave Personal Comm's Inc. v. FCC, 254 F.3d at 143 (internal quotations and brackets omitted).

## B. Issue Preclusion

Under the doctrine of issue preclusion, a party will be barred from raising an issue in a later case if the following three elements are met: (1) the same issue now being raised must have been contested by the parties and submitted for judicial determination in the prior case; (2) the issue must have been actually and necessarily determined by a court of competent jurisdiction in that prior case; and (3) preclusion in the second case must not work a basic unfairness to the party bound by the first determination. See Martin v. Dep't of Justice, 488 F.3d 446, 454 (D.C. Cir. 2007) (quoting Yamaha Corp. of Am. v. United States, 961 F.2d 245, 254 (D.C. Cir. 1992)). "[O]nce an issue is raised and determined, it is the entire issue that is precluded, not just the particular arguments raised in support of it in the first case." Citizen Potawatomi Nation v. Salazar, 624 F. Supp. 2d 103, 119 (D.D.C. 2009) (quoting Yamaha Corp. of Am. v. United States, 961 F.2d at 254 (emphasis in original)).

In Tabman v. FBI the Court determined that the discretionary function exception to the FTCA barred plaintiff from bringing suit based on the investigation of him and subsequent decision that he be removed from the FBI. See Tabman v. FBI, 2010 U.S. Dist. LEXIS 61528 at *12-20 . Defendant makes the same argument, based on the same facts, in favor of the motion to dismiss before the Court. See Motion to Dismiss, Memorandum in Support at 5-8. Resolution of this issue against plaintiff does not "work a basic unfairness" on him, see Martin v. Dep't of Justice, 488 F.3d at 454, because he submitted a brief on the issue in the earlier case and the Court carefully considered his arguments in that context. See Tabman v. FBI, 2010 U.S. Dist. LEXIS 61528 at *12-20. The Court concludes therefore that issue preclusion applies in this

5

case. The plaintiff's claim for intentional infliction of emotional distress therefore is barred by the discretionary function exception to the FTCA.

### III. CONCLUSION

The Court therefore will dismiss plaintiff's first claim because it is barred by the doctrine of issue preclusion and will dismiss plaintiff's second claim because it is barred by the doctrine of claim preclusion. An Order to accompany this Memorandum Opinion will be issued this same day.

\_\_/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: June 30, 2010